UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **PAUL MICHAEL JONES**<br>    **REG #05423-017** | **:** | **CIVIL ACTION NO. 2:15-cv-2622**<br>**SECTION P** |
| **VERSUS** | **:** | **JUDGE MINALDI** |
| **BUREAU OF PRISONS, ET AL** | **:** | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is an application for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2241 by *pro se* petitioner Paul Michael Jones ("Jones"). Jones is in the custody of the Federal Bureau of Prisons ("BOP") and is incarcerated at the Federal Correctional Institute in Oakdale, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

**I.**
**BACKGROUND**

A review of the record from Jones' conviction shows that he was originally sentenced by the Southern District of Alabama on December 20, 2002, to a total of 38 months imprisonment and four years supervised release on drug and weapons charges. *United States v. Jones*, 1:08-cr-261 (S.D. Ala. Apr. 23, 2012), doc. 13, p. 1. On November 22, 2011, while Jones was on supervised release[1] he was arrested on drug charges. Doc. 4, p. 6. A revocation hearing was held April 16, 2012, and Jones he was sentenced to 30 months imprisonment. *United States v. Jones*, 1:08-cr-

---

[1] The term had been extended due to prior violations of the terms of his supervised release. See Docket Report for *United States v. Jones*, 1:08-cr-261.

261, doc. 35. As to the drug charges underlying the November 2011 arrest, Jones pleaded guilty and was sentenced on August 17, 2012, to 92 months imprisonment[2] to run concurrently with the previously imposed revocation sentence in *United States v. Jones*, 1:08-cr-261. *United States v. Jones*, 1:12-cr-81 (S.D. Ala. Oct. 6, 2013), doc. 29.

Jones filed the present suit alleging that the BOP wrongfully credited him with 146 days of pre-sentence credit rather than the 269 days to which he is entitled. Doc. 4, p. 7. He claims that the 146 days account for only the time period between his arrest on November 22, 2011, and the revocation of his supervised release on April 16, 2012. *Id.* He contends that this calculation fails to credit him for the time spent in custody from April 16, 2012, to his sentencing on August 17, 2012. Doc. 9, p. 1.

On April 27, 2016, this court filed a memorandum order advising Jones that, before proceeding in this court, he must first have exhausted the administrative remedies provided by the Bureau of Prisons. Doc. 8. The court instructed Jones to amend his petition to prove exhaustion and to provide information demonstrating that the time sought was not credited towards another sentence. *Id.*

Jones responded to the court's order on May 10, 2016. Doc. 9. In his response, he provided his request for relief, receipt that it was received by the department of corrections, and the denial of that relief. Doc. 9, att. 1, p. 1–3. He does not include any information on an appeal of his denial for administrative relief.

As relief, Jones asks this court to direct the BOP to grant him the entire 269 days the he spent in pre-sentence custody on both his "referenced drug offense and probation violations charges." *Id.* at doc. 4, p. 7.

---

[2] Pursuant to a motion for sentence reduction, the 92 month sentence was reduced to 77 months imprisonment. *USA v. Jones,* 1:12-cr-81 (U.S. District Court, Southern District of Alabama), doc. 58.

## II.
### LAW AND ANALYSIS

*A. Exhaustion*

A federal prisoner must exhaust administrative remedies before seeking *habeas* relief in federal court under 28 U.S.C. § 2241. *Woodford v. NGO*, 126 S.Ct. 2378, 2387 (2006). In order to properly exhaust administrative remedies under § 2241, a prisoner must attempt to informally resolve the issue. 28 C.F.R. § 542.13(a). If informal attempts are unsuccessful, the prisoner must submit a written complaint to the Warden using a BP-9 form. 28 C.F.R. § 542.14(a). If the prisoner is not satisfied with the Warden's response, he may appeal to the Regional Director using a BP-10 form. 28 C.F.R. § 542.15. If still unsatisfied, the prisoner may appeal to the Office of General Counsel using a form BP-11. *Id.* "Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (quoting *Hessbrook v. Lennon*, 777 F.2d 999, 1003 (5th Cir. 1985)). Exceptions to the exhaustion requirement apply only in "extraordinary circumstances," and the petitioner bears the burden of demonstrating the futility of administrative review. *Id.*

The record provided by Jones indicates that he has not *fully* exhausted his administrative remedies. His BP-9 was denied on April 7, 2014. Doc. 9, att. 1, p. 1–3. Therein, he was instructed that he could appeal the response to the Regional Director within 20 days of the date of the decision. *Id.* at p. 1. Jones did not provide a copy of a BP-10 filed with the Regional Director. Rather, he produced two letters, dated October 1, 2014 and February 22, 2015, both of which appear to be to the Regional Director. *Id.* at p. 4–5. He did not provide responses to the letters nor did he provide documentation evidencing that he pursued an appeal to the Office of General

Counsel which is required to exhaust his administrative remedies. Further, Jones has failed to carry his burden of showing that administrative remedies were either unavailable or wholly inappropriate to the relief sought or that exhausting his claims through the administrative process would be futile. If the BOP has erroneously calculated his sentence, it has the authority to correct that error and should be permitted to do so. *See Smith v. Thompson*, 937 F.2d 217, 219 (5th Cir. 1991) (agency should be given opportunity to correct its own error before aggrieved party seeks judicial intervention).

### *B. BOP's Sentence Calculation*

Even if Jones had exhausted his administrative remedies, it appears that he would not be entitled to the *habeas* relief that he seeks.

Federal law provides that "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence." 18 U.S.C. § 3585(b). Jones contends that he is entitled to credit from April 16, 2012, through August 17, 2012. However, Jones was sentenced on April 16, 2012, to 30 months imprisonment on the revocation charge. The sentence computation sheet that he produced in regard to the revocation charge confirms that his sentence computation began on April 16, 2012. Doc. 9, att. 1, p. 8. Thus, as he was serving that sentence at the time of his August 17, 2012, sentencing, it appears that the time in question (April 16, 2012 through August 17, 2012) would have been "credited" to the April 16, 2012, sentence that he was serving. Via § 3585(b), Congress has made it clear that a defendant cannot receive double credit for his detention time. *United States v. Wilson*, 112 S.Ct. 1351, 1356 (1992).

Accordingly,

**IT IS RECOMMENDED** that Jones' Application for Writ of *Habeas Corpus* under 28 U.S.C. § 2241 be **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.

**A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Federal Rule of Civil Procedure 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglas v. United Services Automobile Association***, 79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers this 7th day of July, 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE